IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ABDUL-AZIZ RASHID MUHAMMAD,

       Petitioner,

v.                          CIVIL ACTION NO. 5:12cv129
                               (Judge Stamp)

RUSSELL A. PURDUE,

       Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 24, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On September 14, 2012, he paid the required $5.00 filing fee. On October 1, 2012, the undersigned conducted a preliminary review of this matter and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was entered directing the respondent to show cause why the writ should not be granted. On October 11, 2012, the respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Response to Order to Show Cause. On October 12, 2012, a <u>Roseboro</u> Notice was issued, and on November 8, 2012, the petitioner filed his response. On December 17, 2012, the petitioner filed a supplement to his response and on March 18, 2013, he filed yet another supplement.

### II. FACTS

In 1974, a jury in the Eastern District of Kentucky convicted the petitioner, who was then a juvenile known as William Anthony Brown, of committing armed robbery in violation of 18 U.S.C. §

1

§ 2113(a), (d) and 924(c).[1] The district court sentenced the petitioner to twenty years in prison for the robbery conviction, plus an additional one-year term for use of a firearm, Although the petitioner was a juvenile when he committed the offense, the government exercised its discretion to prosecute him as an adult. The petitioner's conviction was affirmed by the Sixth Circuit, United States v. Brown, No. 78-5046 (6th Cir. July 5, 1978), and the Supreme Court denied certiorari, Brown v. United States, 439 U.S. 932 (1978). Later, however, the district court vacated the petitioner's conviction and one-year sentence for the 924(c) firearm offense pursuant to Simpson v. United States, 435 U.S. 6 (1978).[2] In 1979, the petitioner filed his first § 2255 motion to vacate his 1974 conviction, arguing that counsel performed ineffectively by failing to challenge the decision to have him tried as an adult. The district court denied the motion. United States v. Brown, No. 74-40 (E.D. Ky. Feb. 28, 1979). The petitioner did not appeal. The petitioner filed another § 2255 motion to vacate, raising essentially the same arguments raised in his first § 2255 motion. The district court denied the motion, United States v. Brown, No. 74-40 (E.D.Ky. July 8, 1982), and the Sixth Circuit affirmed. Brown v. United States, No. 82-5477 (6th Cir. Oct. 29, 1982).[3]

In 1990, a jury in the Eastern District of Kentucky convicted the petitioner, then an adult known as Abdul-Aziz Rashid Muhammad, of conspiracy to rob a bank and to use firearms during the commission of a felony, in violation of 18 U.S.C. § 371; aiding and abetting an armed bank robbery, in violation of 18 U.S.C. §§ 2113(a)(d) and 2; using a firearm in the commission of a felony, in violation

---

[1] The Criminal Action Number assigned to this case was 74-00040.

[2] In the Simpson decision, the Supreme Court held that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced" under both § 2113(d) and 924(c). 425 U.S. at 16 (1978).

[3] It appears that the petitioner was paroled in 1989. (Doc. 24-2, p. 2).

2

of 18 U.S.C. §§ 922(g)(1) and 2(a)(b).[4] The district court sentenced the petitioner to 327 months in prison followed by a twenty-year mandatory consecutive sentence for the 924(c) offense, as required by § 924(c), because the offense involved a second firearm conviction. United States v. Muhammad, 548 F.2d 1499, 1542 (6th Cir. 1991). The United States Court of Appeals for the Sixth Circuit affirmed the petitioner's conviction and sentence on October 30, 1991. Id. at 1459. The Supreme Court denied a petition for writ of certiorari on February 24, 1992. Muhammad v. United States, 502 U.S. 1119 (1992).

On April 4, 1997, the petitioner filed his first § 2255 motion to vacate his 1990 conviction. (Doc.14-1, p. 6). On August 29, 1997, the district court denied the motion. (Id. at p. 5). On April 24, 1998, the Sixth Circuit Court of Appeals denied him an application for a certificate of appealability. (Id, at p. 4). On February 22, 1999, the Supreme Court denied a petition for writ of *certiorari*. (Doc.14-2, p.3). On August 24, 2000, the petitioner sought authorization from the Sixth Circuit to file a second or successive § 2255 motion attacking his 1990 conviction. (Doc.14-3, p.3). On September 18, 2001, the Sixth Circuit denied authorization. (Id.).

On November 16, 2001, the petitioner filed a motion in the Eastern District of Kentucky to vacate his 1990 conviction pursuant to 28 U.S.C. § 1651, seeking a writ of *coram nobis*. (Doc.14-4, p.4). In August 2002, the district court held that the petitioner was barred from the relief he sought because he had already been denied permission to file a successive § 2255 motion. Muhammad v. United States, 2003 WL 22146123, *1 (6th Cir. Sept. 11, 2003). On September 11, 2003, the Supreme Court denied a petition for writ of *certiorari*. Muhammad v. United States, 540 U.S. 1167 (2204).

On December 13, 2002, the petitioner filed a motion in the Western District of Pennsylvania to vacate his 1990 conviction pursuant to 28 U.S.C. § 2241. (Doc. 14-6, p.1). On July 25, 2003, the district court held that it lacked subject matter jurisdiction. (Doc. 14-6, p.1). On April 5, 2004, the Third Circuit

---

[4]The Criminal Action Number assigned to this case was 89-0050.

affirmed. (Doc. 14-6, pp. 1-2). On October 7, 2004, the Supreme Court denied a petition for writ of *certiorari*. (Doc.14-6, p.1).

On June 16, 2005, the petitioner sought authorization from the Sixth Circuit to file a second or successive § 2255 motion attacking his 1990 conviction. (Doc.14-8.). In July 2006, the Sixth Circuit once again denied authorization. (Id.).

On April 19, 2007, the petitioner filed a motion in the Eastern District of North Carolina to vacate his 1990 conviction pursuant to 28 U.S.C. § 2241. (Doc.14-9). On October 12, 2007, the district court found that the petitioner could not proceed pursuant to § 2241 because he had failed to demonstrate either that § 2255 was an inadequate and ineffective remedy or that he was actually innocent. (Doc.14-10). On March 7, 2008, the Fourth Circuit affirmed. (Doc. 14-11).

In April 2011, the petitioner sought authorization from the Sixth Circuit to file a second or successive § 2255 motion attacking his 1990 conviction. On September 8, 2011, the Sixth Circuit denied authorization for the third time. (Doc.14-12).

On September 12, 2011, the petitioner filed a motion in the Eastern District of Kentucky to vacate his 1990 conviction pursuant to 28 U.S.C. § 1651, seeking a writ of *audita querela*. (Doc.14-13).[5] Like his instant § 2241 motion, the petitioner challenged his enhanced 1990 18 U.S.C. § 924(c) sentence as improperly based upon his 1974 § 924(c) conviction, which he alleged he discovered for the first time on August 2, 2011, had been vacated in 1979 pursuant to Simpson. (Id.). On February 2, 2012, the

---

[5]He apparently also filed a 2011 petition and motion for a writ of *coram nobis* and/or *audita querela*, again challenging his 1974 conviction on the basis that he was a juvenile, was treated unlawfully at the time of arrest, and should not have been tried as an adult. The district court recharacterized the filing as a § 2255 motion and referred the motion to the magistrate judge for recommendation. The district court adopted the magistrate judge's recommendation to transfer the case to the Sixth Circuit Court of Appeals as a motion for authorization to file a second or successive § 2255 motion to vacate.(Doc. 24-2, p. 2). This motion was consolidated with his motion regarding the 1990 conviction and addressed in the decision issued by the Sixth Circuit on November 13, 2012.

district court transferred the § 1651 motion to the Sixth Circuit as an unauthorized, second or successive § 2255 motion (Doc.14-14). On April 25, 2012, the United States opposed authorization of a second or successive § 2255 motion, arguing that permission was unwarranted because the petitioner had raised neither newly discovered evidence regarding his actual innocence nor identified a new rule of constitutional law. (Doc.14-15). On November 13, 2012, the Sixth Circuit denied the motion. (Doc. 24-2). In denying the motion, the Court found that the petitioner offered no explanation why this "newly discovered" evidence, i.e., the 1979 district court order vacating his conviction, could not have been found before he filed his first § 2255 motion. In point of fact, the Court noted that his initial § 2255 motion related to his 1990 conviction was filed in 1997, eighteen years after his 1974 §924(c) conviction was vacated. Therefore, the Court determined that the evidence presented was not newly discovered, his claim was based on an inaccurate statement of relevant procedural history, and he did not cite a new rule of constitutional law made retroactive to his case.[6]

### III. ISSUES PRESENTED

The petitioner maintains that he had no predicate offense that would have qualified him for a second or subsequent 924(c) conviction, which at the time of his 1990 conviction carried a mandatory term of twenty years. The petitioner further alleges that he did not learn until approximately August 2, 2011, of the court order entered on February 5, 1979, vacating his 1974 conviction and sentence for the 924(c) violation. Therefore, the petitioner argues that there was no predicate offense that would warrant imposition of the 20 year mandatory term of imprisonment for the 924(c) conviction in 1990.

In support of his motion to dismiss or, in the alternative, motion for summary judgment, the respondent argues that the petitioner cannot proceed pursuant to 28 U.S.C. § 2241 because the motion

---

[6]The Court also denied his motion with respect to the 1974 conviction for several reasons including his failure to meet the pre-ADEPA "abuse of writ" standard because he did not raise a new claim. (Doc. 24-2, p. 4).

5

more properly arises under 28 U.S.C. § 2255, and the petitioner cannot demonstrate that § 2255 provides an inadequate and ineffective remedy. More specifically, the respondent argues that the petitioner is challenging the legality of a federal sentence and the conduct for which he was convicted in 1974 and 1990 remains criminal today. Additionally, the respondent argues that to the extent that the petitioner claims that his 1990 sentence was improperly enhanced because he is actually innocent of the §924(c), conviction from 1974, this Court should either decline to consider this claim for lack of jurisdiction or reject this claim on its merits because the 1974 conviction was vacated on legal, rather than factual, grounds.

In his response, the petitioner argues that he is, in fact, attacking the execution of his sentence, and therefore, his §2241 petition is the appropriate mechanism for relief. In his first supplement to his response in opposition, the petitioner provides the Court with a copy of the decision issued by the Sixth Circuit Court of Appeals denying him leave to file a second or successive motion to vacate his 1990 sentence. In his second supplemental response in opposition, the petitioner supplies the Court with Supreme Court decisions which he believes should be considered in evaluating the "obvious failure of counsel to provide him with effective assistance of counsel.

### IV. STANDARD OF REVIEW

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d

6

1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B. **Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

## V. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a

motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner does not assert that he is innocent of conspiracy to rob a bank, aiding and abetting an armed robbery, using a firearm in the commission of a felony, or possessing a firearm

9

by a convicted felon. Nor, does the petitioner challenge the 327 months of imprisonment he received for those crimes. The sole argument the petitioner submits in support of his petition is that he is "actually innocent" of a second §924(c) conviction and was improperly sentenced to a consecutive 20-year mandatory sentence. The petitioner bases this argument on the February 5, 1979 Order entered in the United States District Court for the Eastern District of Kentucky vacating his conviction and sentence on Count 2 of the 1974 indictment pursuant to the Simpson decision.

The respondent contends that the Court should reject the petitioner's claim of actual innocence because the 1974 conviction was vacated on legal rather than factual, grounds. The respondent then notes that the "Fourth Circuit recently explained that 'actual innocence applies in the context of habitual offender provisions only where the challenge to the eligibility stems from *factual innocence of the predicate crimes*, and not from the legal classification of the predicate crimes.' United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)(emphasis added). In this regard, the Court noted that vacatur of two predicate convictions did not support a claim of actual innocence because those convictions were 'vacated on legal, *rather than factual*, grounds."Id., n. 12 (emphasis added)" (Doc. 14-11).

The undersigned if of the opinion that the petitioner is not entitled to relief as a matter of law, and the court need not address whether the petitioner has met the savings clause of §2241. A careful reading of the Order entered by the United States District Court for the Eastern District of Kentucky on February 2, 2012, transferring the matter to the Sixth Circuit, clearly establishes that the petitioner and the respondent are acting under a misapprehension that the 1974 conviction is any way related to his mandatory 20 years consecutive sentence imposed in 1990. As the Court noted:

> This Court's sentence in the 1989 matter also included a twenty-year mandatory consecutive term of imprisonment due to two § 924(c) violations. The Sixth Circuit observed the mandatory sentence was

> because Defendant "had previously been convicted of using a firearm during the commission of an armed bank robbery." Although the Sixth Circuit did not refer to the 1974 conviction, Defendant construes his twenty-year sentence to have been the result of the § 924(c) conviction that Judge Hermansdorfer vacated under Simpson. A presentence report may also have contributed to that interpretation.
>
> Though the 1975 Simpson-vacated conviction could not have been counted toward the two convictions for § 924(c) purposes, it has long been 'firmly established that the imposition of separate consecutive sentences for multiple § 924 (c) violations occurring during the same criminal episode are lawful.' As the indictment and sentencing hearing in the 1989 matter plainly reflect, the twenty-year mandatory sentence had no relationship to the 1974 conviction. Instead, it was based on two of the 1989 convictions which the 1989 indictment charged as having been committed with a firearm in violation of §924(c). The 924(c) violation in connection with the conspiracy count under § 371 counted as the 'first' conviction, and the 924(c) violation in connection with the felon with a firearm count under § 922 counted as the second.

(Doc. 14-14, pp. 6-7)(internal citations omitted).[7]

Accordingly, the sentencing court, which clearly has access to much more internal information regarding this matter has already determined that the petitioner's twenty-year consecutive sentence is wholly unrelated to his 1974 vacated conviction. This court need not, and should not, rehash an issue which has already been decided. The petitioner is clearly mistaken in his belief that he is actually innocent of a second §924(c) conviction, and he entitled to no relief from this court under any habeas action.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that respondent's Motion to Dismiss ore, in the alternative, Motion for Summary Judgment (Doc. 13) be **GRANTED** and the petitioner's

---

[7]It is not clear to the undersigned why the United States did not address this provision of the decision in its Response in Opposition filed with the Sixth Circuit Court of Appeals, nor why the Sixth Circuit failed to address the same.

petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 30, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE