```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ABDUL-AZIZ RASHID MUHAMMAD,

    Petitioner,

v.                                    Civil Action No. 5:12CV129
                                                       (STAMP)
RUSSELL A. PURDUE, Warden

    Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On August 24, 2012, the petitioner filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of the sentence resulting from his 1990 conviction in the Eastern District of Kentucky. The petitioner was convicted by a jury in that court in 1990 of conspiracy to rob a bank and to use firearms during the commission of a felony, in violation of 18 U.S.C. § 371; aiding and abetting an armed bank robbery, in violation of 18 U.S.C. §§ 2113(a)(d) and 2; using a firearm in the commission of a felony, in violation of 18 U.S.C. §§ 924(c) and 2(a)(b); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2(a)(b). The petitioner was sentenced to 327 months in prison

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

followed by a twenty-year mandatory consecutive sentence. The mandatory consecutive sentence was imposed as a result of the petitioner's conviction under 18 U.S.C. § 924(c), which mandates such a sentence for those convicted of a second or subsequent violation under that section. The petitioner asserts that this consecutive sentence imposed pursuant to § 924(c) improperly relied upon a 1974 Eastern District of Kentucky conviction.

In 1974, when the petitioner was a juvenile known as William Anthony Brown, he was convicted by a jury of armed robbery in violation of 18 U.S.C. §§ 2113(a)(d) and 924(c).[2] The district court sentenced the petitioner to twenty years in prison for the robbery conviction, and an additional one-year term for the use of a firearm. However, the district court later vacated the petitioner's conviction and one-year sentence for the § 924(c) firearm offense pursuant to Simpson v. United States, 435 U.S. 6 (1978), which held that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced" under both § 2113(d) and 924(c). Id. at 16.

Following the petitioner's 1990 sentencing, the petitioner appealed, and his conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit on October 30, 1991. The United States Supreme Court denied a petition for writ

---

[2]Although the petitioner was a juvenile at the time, he was charged, tried and sentenced as an adult.

2

of certiorari on February 24, 1992.  Thereafter, the petitioner began to file numerous post-conviction challenges to his conviction and sentence which are outlined at length in the magistrate judge's report and recommendation.  See ECF No. 27 *3-*4.

The petitioner's September 12, 2011 filing with the Eastern District of Kentucky was the first time that petitioner raised the same arguments he makes here, that his 1990 consecutive sentence was improperly based upon his 1974 § 924(c) conviction, which he claims that he only discovered had been vacated on August 2, 2011.  This challenge, which was characterized as a motion for leave to file a successive petition for a writ of habeas corpus under § 2255 and transferred to the Sixth Circuit for consideration of the same, was denied by the Sixth Circuit.  In denying this motion, the Sixth Circuit found that the petitioner had failed to explain why he could not find this "newly discovered evidence" prior to his first § 2255, filed in 1997, eighteen years after his 1974 § 924(c) conviction was vacated.  Accordingly, the Sixth Circuit determined, the petitioner's claim regarding his 1974 conviction under § 924(c) was not "newly discovered evidence," and his arguments were based upon an inaccurate statement of relevant procedural history.

The petitioner then filed this petition under 28 U.S.C. § 2241, and pursuant to Local Rule of Prisoner Litigation Procedure 2, the petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation.  After

a preliminary review, the magistrate judge ordered the respondent to answer, and the respondent filed a motion to dismiss, or alternatively, motion for summary judgment. The petitioner responded to the motion following the issuance of a Roseboro[3] notice, and Magistrate Judge Kaull entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought.

The petitioner timely filed objections reiterating the contentions contained within his petition and asserting that the magistrate judge's recommendation is "predicated upon an erroneous misapplication of the law and facts." ECF No. 29 *1 (emphasis in original). For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the

---

[3]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

4

petitioner filed objections to the report and recommendation, the Magistrate Judge's recommendation will be reviewed de novo.

III. Discussion

The magistrate judge recommends that the petitioner's § 2241 motion be dismissed because § 2241 is an improper vehicle for the petitioner's claims, since the petitioner cannot show that § 2255 provides an inadequate or ineffective remedy for his claims. The magistrate judge found that the petitioner attacks the validity of his sentence rather than the means of its execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. The magistrate judge found that the petitioner cannot rely upon the "savings clause" in § 2255 which permits certain claims to be brought under § 2241 because the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy. Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241.

A petition for a writ of habeas corpus under § 2241 must attack the manner in which a sentence is executed. All petitions challenging a federal conviction or sentence are properly construed as motions pursuant to § 2255. However, a federal prisoner seeking to challenge a federal conviction or sentence may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention."

5

28 U.S.C. § 2255; <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. <u>In re Vial</u>, 115 F.3d at 1194 n.5 (citing <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988)).

In this case, the petitioner has failed to establish that he is entitled to relief through the savings clause. The petitioner's sole argument is that the consecutive twenty-year sentence that he received in 1990 for a successive conviction under § 924(c) was erroneous, because his original § 924(c) conviction in 1979 was vacated by the Eastern District of Kentucky pursuant to <u>Simpson</u>. He argues that, accordingly, he is entitled to utilize the savings clause of § 2255 because he is "actually innocent" of the successive § 924(c) conviction. See <u>Bousley v. United States</u>, 523 U.S. 614, 624 (1998). The petitioner's argument in this regard is without merit because the vacatur of his original § 924(c) conviction was on legal rather than factual grounds.

In <u>Bousley</u>, the Supreme Court specifically noted that, "'actual innocence' means <u>factual innocence, not mere legal insufficiency</u>." <u>Id.</u> (emphasis added). The Fourth Circuit has directly found that predicate offenses which have been vacated on a legal, rather than factual innocence, basis cannot lead to a

finding of actual innocence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Just like the defendant in Pettiford, the petitioner here makes no claim that he did not commit the crime of which he was convicted in 1974,[4] but rather argues that because it was vacated on legal grounds, it should not have counted as a predicate offense under § 924(c). Such a claim does not support a finding of actual innocence, and thus, the petitioner is not entitled to rely upon the savings clause, and thus cannot utilize § 2241 to bring the allegations raised in his petition.

Following the filing of his objections to the magistrate judge's report and recommendation, as well as his "surrebutter" to the respondent's response to his objections, the petitioner filed two "supplemental motion[s]" in light of decisions rendered following the magistrate judge's report and recommendation. This Court must deny each of these motions as untimely filed. See 28 U.S.C. § 636(b). Further, neither of the decisions cited by the petitioner, United States v. Tavera, 719 F.3d 705 (6th Cir. 2013),

---

[4]In a filing by the petitioner entitled "surrebutter [sic] to respondent's response to petitioner's objection to magistrate's report and recommendation," the petitioner suggest that "the court cannot assume that Petitioner committed a prior crime." ECF No. 32 *2. The petitioner misconstrues the burden placed upon him in establishing actual innocence pursuant to the savings clause. In proving a claim of actual innocence, the petitioner cannot simply assert a lack of evidence of guilt, but must rather affirmatively "show actual innocence by clear and convincing evidence." Pettiford, 612 F.3d at 282.

and <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), are relevant to the petitioner's case or this Court's rulings thereon. In <u>Tavera</u>, the United States Court of Appeals for the Sixth Circuit held that defendants in criminal matters have no duty to uncover exculpatory evidence, or to do any "due diligence" to discover the same. Rather, the United States is charged with an affirmative duty to turn over any such evidence in its possession. This Court today has not found that the petitioner's motion should be dismissed because he should have been aware or should have uncovered the fact that his 1974 § 924(c) conviction had been overturned by the Eastern District of Kentucky. Accordingly, <u>Tavera</u> is inapplicable.

Further, the petitioner has ineffectively raised <u>Alleyne</u> and, even if he had effectively raised the same, <u>Alleyne</u> would not be applicable to the petitioner's case. In the recently decided <u>Alleyne</u>, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A), then at sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S. Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury,

rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury."  Id. at 2162.

This holding extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), where the Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury.  See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 13902 *1 (7th Cir. July 10, 2013) (noting that Alleyne is an extension of Apprendi).  First, the petitioner cannot now, following the filing of his petition, the full briefing of the respondent's motion to dismiss, and multiple objections to the magistrate judge's report and recommendation, claim that Alleyne is applicable to his case when he has never, before this Court or any other, raised Apprendi or the general argument that the fact of his previous conviction was never submitted to a jury.  Further, a number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied.  See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. Aug. 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Stanley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7

9

(N.D. Okla. July 16, 2013; Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Finally, in Apprendi, the Supreme Court specifically noted in its finding that "any fact (other than prior conviction) which increases the maximum penalty for a crime must be . . . submitted to a jury." 530 U.S. at 476 (quoting Jones v. United States, 526 U.S. 227). That the fact of prior convictions need not be submitted to a jury was further explained in Almendarez-Torres v. United States, 523 U.S. 224 (1998), where the Court affirmatively determined that the fact of a prior conviction may be determined by a sentencing judge. The Court in Alleyne specifically declined to reconsider or overrule Almendarez-Torres. 133 S. Ct. at 2160 n.1. Accordingly, Almendarez-Torres remains good law, and Alleyne is not applicable to the petitioner's assertions in this matter.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation (ECF No. 27). The petitioner's objections are OVERRULED. The petitioner's supplemental motions in light of decisions rendered (ECF Nos. 33 and 34) are DENIED. Accordingly, the respondent's motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 13) is GRANTED. Further, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is

ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 23, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE